UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-cv-60326-LEIBOWITZ

**SHERWIN RAMONT THEODORE**,

    *Plaintiff*,

v.

**EXPOSHIPS, LLLP,** *et al.*,

    *Defendants*.

_____/

## ORDER

THIS CAUSE comes before the Court on Defendants Expoships, LLLP, Expoships GP, Inc., David J. Lester, and Aaron Lester's (collectively, "the Defendants") Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted ("the Motion") [ECF No. 18], filed on April 9, 2025. Plaintiff Sherwin Ramont Theodore ("Plaintiff") has responded to the Motion [ECF No. 19], and Defendants have replied [ECF No. 29]. After a review of the parties' arguments, the Complaint, and the record, the Motion is denied.

## BACKGROUND

Plaintiff filed his Complaint on February 19, 2025, alleging a one count violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). [*See* Compl., ECF No. 1 ¶¶ 24–26]. Plaintiff, a Florida resident, was an employee of the Defendants as a maintenance technician. [*Id.* ¶¶ 2, 19]. The Defendants operated a business which engaged in operating private yachts for commercial and private events. [*Id.* ¶¶ 17–18]. Plaintiff alleges Defendants failed to pay him his full and proper overtime wages, and did so knowingly and willingly. [*Id.* ¶¶ 20–21]. Beyond these alleged facts, Plaintiff does not plead with specificity the details of his employment relationship with Defendants.

## LEGAL STANDARD

To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (cleaned up)). When reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court must accept as true all factual allegations contained in the complaint, and the plaintiffs receive the benefit of all favorable inferences that can be drawn from the facts alleged. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Iqbal*, 556 U.S. at 678. The scope of review when ruling on a motion to dismiss must be limited to the four corners of the complaint. *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002). While the court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. "Dismissal pursuant to Rule 12(b)(6) is not appropriate unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004) (cleaned up).

## DISCUSSION

Defendants move to dismiss Plaintiff's Complaint, claiming that (1) the contract precludes the relief sought by the Plaintiff, (2), less than 20% of the Plaintiff's work was non-seamen's work, and (3) the Plaintiff is a "Seaman" under the Jones Act and the FLSA is inapplicable. [Mot., ECF No. 18 at 3–6]. This Court addresses each argument in turn.

I.   <u>Plaintiff's contract does not preclude his relief sought.</u>

Defendants' first argument is that Plaintiff signed a contract with Defendants that states that he is a "marine employee" exempt from the FLSA. As the Defendants acknowledge, the Supreme Court and Eleventh Circuit have held that an employee cannot contract out of his or her FLSA rights. *See Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981); *Wethington v. City of Montgomery*,

935 F.2d 222, 229 (11th Cir. 1991); [Reply, ECF No. 29 at 3]. Rather, the issue is "whether or not the FLSA applies[.]" *Wethington*, 935 F.2d at 229. Thus, it is no import that the Plaintiff signed a contract that stated he was a "seaman" exempt from the FLSA – what matters is whether the nature of his employment classifies him as a "seaman" exempt from the FLSA. Accordingly, Plaintiff's first argument fails.

II.     Defendants' argument on the type of work Plaintiff performed is premature.

Defendants' second argument is that the Plaintiff is exempt from the FLSA's overtime provisions because less than 20 percent of his work was non-seamen's work. [Mot. at 3–5]. The FLSA exempts "any employee employed as a seaman on a vessel" from its overtime requirements. 29 U.S.C. § 213(b)(6). The FLSA, however, does not define the term "seaman." *See Selby v. Yacht Starship, Inc.*, 624 F. Supp. 2d 1367, 1374 (M.D. Fla. 2008). The Department of Labor, however, has promulgated a rule that states:

> an employee will ordinarily be regarded as "employed as a seaman" if he performs, as master or subject to the authority, direction, and control of the master aboard a vessel, service which is rendered primarily as an aid in the operation of such vessel as a means of transportation, provided he performs no substantial amount of work of a different character.

29 C.F.R. § 783.31. Work is "substantial" if it "occupies more than 20 percent of the time worked by the employee during the workweek." 29 C.F.R. § 783.37.[1]

Defendants cite a declaration of Aaron Lester, who is purportedly the "Master" on the vessel on which Plaintiff worked, for the proposition that "nearly 100 % of his tasks constitute[ed] seamen's work[.]" [*See* Mot. at 5 (citing Decl. of Aaron Lester, ECF No. 18-1)]. However, the Court cannot consider this declaration on a motion to dismiss because the Court is limited to the four corners of

---

[1] This Court takes no position, at this stage, without briefing from the parties, on whether this Court should adhere to the Department of Labor's view, in light of *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024).

3

the complaint. *See F.D.I.C. v. Grp. ONe Mortg.*, Inc., No. 12-81300-CIV, 2013 WL 2035150, at *3 (S.D. Fla. May 14, 2013). Beyond this citation, Defendants make no argument that less than 20% of Plaintiff's work was non-seamen's work. Defendants ask this Court to resolve a factual dispute – the nature of Plaintiff's employment with the Defendants – on a motion to dismiss, which is impermissible. Accordingly, Defendants' argument is rejected.

    III.    <u>Defendants fail to convince this Court that the Jones Act overrides the FLSA.</u>

Finally, Defendants argue that because the Plaintiff is a "seaman" under the Jones Act, he is exempt from the FLSA's overtime provisions. This argument suffers from two fatal flaws. First, Defendants again impermissibly rely on the declaration from Aaron Lester to support their argument that Plaintiff should be classified as a "seaman" under the Jones Act. Without considering the declaration of Aaron Lester, Defendants fail to show that Plaintiff was a "seaman" under the Jones Act. Second, Defendants cite no law for the proposition that an employee who is a "seaman" under the Jones Act is exempt from the FLSA's overtime provisions, and this Court is aware of no such law. *See Metz v. Eagle Ray Divers, LLC*, No. 4:19-CV-10176, 2020 WL 13668565, at *1 (S.D. Fla. Feb. 3, 2020) ("Additionally, Plaintiff's allegation that she is a seaman under the Jones Act is not . . . fatal to her claim for overtime under the FLSA because 'the definitions of seaman under the FLSA and the Jones Act are separate and independent of each other.'") (cleaned up) (citing *Dole v. Petroleum Treaters, Inc.*, 876 F.2d 518, 520 (5th Cir. 1989)). Thus, Defendants' final argument similarly fails.

## CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Motion [**ECF No. 18**] is **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida on May 6, 2025.

_____
DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:   counsel of record